IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ANTHONY GILMORE, | : | Civil Action |
| Petitioner | : | |
| | : | |
| v. | : | C.A. No. 04-358 Erie |
| | : | |
| SUPERINTENDENT BROOKS, | : | |
| Respondent | : | |

## AMENDED PETITION FOR A WRIT OF HABEAS CORPUS

Pursuant to the application for leave to amend with relation back, filed June 16, 2005, and leave to amend having been granted, Petitioner, Anthony Gilmore states:

1. That by express reference to the petition for a writ of habeas corpus identified above, that the below issues are adopted, incorporated herein, and amended with relation back:

   I. PETITIONER IS ACTUALLY INNOCENT OF THE CRIMES BY WHICH HE WAS CHARGED AND CONVICTED.

   II. PETITIONER'S CONVICTION WAS OBTAINED AND HIS SENTENCE WAS IMPOSED IN VIOLATION OF VIOLATION OF HIS SIXTH AMENDMENT RIGHT COUNSEL AND EFFECTIVE COUNSEL AT TRIAL.

   III. PETITIONER WAS DENIED HIS FOURTEENTH AMENDMENT RIGHT TO COUNSEL AND EFFECTIVE COUNSEL ON APPEAL.

2. Petitioner concedes that the above claims were not

presented to the state courts, they have not been fairly exhausted, and that they are therefore procedurally defaulted.

3. Petitioner likewise submits that there exist no effective state corrective process since the instant claims have been raised in prior state court proceedings.

4. In Pennsylvania, the post conviction relief Act is the sole means for obtaining collateral relief. See e.g. 42 Pa. C.S.A § 9542; see also, Commonwealth v. Lantzy, 558 Pa. 214, 736 A.2d 564 (Pa. 1999).

5. Where the instant claims have been raised in state court, although in a different posture, state court review is foreclosed. See e.g. Commonwealth v. Peterkin, 538 Pa. 455, 649 A.2d 121 (1994), cert denied 515 U.S. 1137, 115 S.Ct. 2569, 132 L.ED.2d 821 (a petitioner may not obtain post-conviction relief of claims previously litigated on appeal by alleging ineffectiveness of counsel and presenting new theories of relief to support previously litigated claims).

6. An issue has been previously litigated if the highest appellate court in which the petitioner could have had review has ruled on the merits of the issues, or the issues has been raised and decided in a proceeding collaterally attacking the sentence or conviction. 42 Pa. C.S.A. § 9543(a)(2). Thus, it would be futile for

Petitioner to return to state court.

7. Though the above issues are defaulted, where, as here, innocence has been alleged, if proven, federal law provides that "where a constitutional violation has probably resulted in the conviction of one who is actually innocent, a federal habeas court may grant the writ even in the absence of cause for the procedural default." Murray v Carrier, 477 U.S. 478, 496, 106 S.Ct. 2639, 91 L.Ed.2d 397 (1986). Thus, the required cause analysis need not be met.

8. The issue relating to Blakley v. Washington, 542 U.S. \_\_\_\_, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004) is to be deleted.

WHEREFORE, petitioner respectfully request that upon submission of the memorandum of law, at least respecting the claim of actual innocence, after response by respondents if any, and consideration by the Court, that this Honorable Court schedule an evidentiary hearing.

Respectfully submitted,

*Anthony Gilmore*
Anthony Gilmore