IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

ANTHONY GILMORE,                    )
                                    )
            Petitioner,             )
                                    )
      v.                            )      Civil Action No. 04-358E
                                    )      JUDGE McLAUGHLIN
BROOKS, Superintendent,             )      CHIEF MAGISTRATE JUDGE BAXTER
                                    )
            Respondent.             )


**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**


I.    **RECOMMENDATION**

            It is recommended that the Petition for Writ of Habeas Corpus be dismissed as
untimely and that a certificate of appealability be denied.


II.   **REPORT**

            Petitioner, Anthonuy Gilmore, is a state prisoner incarcerated at the State
Correctional Institution at Dallas, Pennsylvania.  Gilmore is serving a sentence of 13 to 32 years
imprisonment for a 1999 robbery and related offenses.  The relevant procedural history will be
set forth in the body of the report.


      A.    **Time Period for Filing Federal Habeas Corpus Petitions**

            The first consideration in reviewing a federal habeas corpus proceeding is whether
the petition was timely filed under the applicable one-year limitations period.  Generally, the
Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) requires that state prisoners file
their federal habeas petition within one year of any of four enumerated events:

            (1) A 1-year period of limitation shall apply to an application for a writ of
            habeas corpus by a person in custody pursuant to the judgment of a State
            court.  The limitation period shall run from the latest of–

                  (A) the date on which the judgment became final by the
                  conclusion of direct review or the expiration of the time for
                  seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
  (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review;  or
  (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1-2).

      In determining whether a petition for writ of habeas corpus has been timely filed under AEDPA, a federal court must undertake a three-part inquiry.  First, the court must determine the date that the petitioner's direct review concluded and the judgment became "final" for purposes of triggering the one-year period under section § 2244(d)(1)(A).  Second, the court must determine whether any "properly filed" applications for post-conviction or collateral relief were pending during the limitations period that would toll the statute pursuant to section 2244(d)(2).  Third, the court must determine whether any of the other statutory exceptions or equitable tolling should be applied on the facts presented.

      In this case, Gilmore was convicted by a jury on July 15, 1999, and was sentenced on August 30, 1999.  His direct appeal concluded on March 13, 2001, when the Supreme Court of Pennsylvania denied a petition for allowance of appeal.  Accordingly, Owens' conviction became "final" 90 days later, or on July 13, 2001, when the time for filing a petition for certiorari in the Supreme Court of the United States expired. Swartz v. Meyers, 204 F.3d 417, 419 (3d Cir. 2000)(noting that a judgment becomes final at the conclusion of direct review or the expiration of time for seeking such review, including the 90–day time limit for filing a writ of certiorari in the Supreme Court).  The instant petition was received by the Clerk of Courts on December 16, 2004, more than 3 years after the conviction became final, and more than 2 years after the

expiration of the limitations period.  This Court must, accordingly, determine whether petitioner may take advantage of the "tolling" provision in section 2244(d)(2).

Gilmore filed a petition pursuant to the Post Conviction Relief Act (PCRA) on July 5, 2001.  The petition was denied by the trial court on April 24, 2002, and the Superior Court affirmed the denial of PCRA relief on April 15, 2003.  Petitioner did not file a petition for allowance of appeal in the Supreme Court of Pennsylvania.  Hence, the limitations period was tolled from July 4, 2001, until May 15, 2003.  See, Swartz, 204 F.3d at 420 (The time a collateral appeal is "pending" includes the time during which a petitioner may seek discretionary state court review, whether or not review is actually sought).

Applying the tolling provisions of AEDPA, the limitations period began to run on May 15, 2003, and expired long before this petition was presented to the Clerk in December, 2004.  Further, nothing in the record indicates that Gilmore is entitled to take advantage of any of the exceptions to the one-year limitations period.  Specifically, he has failed to show that any of his claims are based on a constitutional right newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; nor has he shown that his claims are based on a factual predicate that could not have been discovered through the exercise of due diligence.  28 U.S.C. §2254(d)(1)(C-D).[1]

Finally, the one-year limitation in § 2244(d) is a statute of limitations, not a jurisdictional bar, and may be equitably tolled.  Miller v. New Jersey State Dept. of Corrections, 145 F.3d 616, 618 (3d Cir. 1998).  "Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way."  Pace v. DiGuglielmo, --- U.S. ---- 125

---

[1]    One of Gilmore's claims is that his sentence is illegal in light of the Supreme Court's decision in Blakely v. Washington, 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004).  It is not at all clear that the holding in Blakely even applies to Pennsylvania's indeterminate sentencing scheme.  Even if it did, however, the holding in Blakely has not been made retroactive to cases on collateral review. Lloyd v. U.S., 407 F.3d 608, 610 (3d. Cir.2005)(addressing extension of Blakely to federal sentencing guidelines and determining that the rule may not be applied retroactively). Gilmore is not entitled to this exception.

S.Ct. 1807, 1814, *reh'g denied,* --- U.S. ----, 125 S.Ct. 2931, 162 L.Ed.2d 880 (2005). Also, "[e]quitable tolling is proper only when the principles of equity would make the rigid application of a limitation period unfair. Generally, this will occur when the petitioner has in some extraordinary way been prevented from asserting his or her rights. The petitioner must show that he or she exercised reasonable diligence in investigating and bringing the claims. Mere excusable neglect is not sufficient." <u>Miller</u>, 145 F.3d at 618-19 (internal citations, quotations, and punctuation omitted); <u>Hizbullahankhamon, v. Walker</u>, 255 F.3d 65, 75 (2d Cir. 2001) ("To equitably toll the one-year limitations period, a petitioner "must show that extraordinary circumstances prevented him from filing his petition on time," and he "must have acted with reasonable diligence throughout the period he seeks to toll." ). Here, the record yields no basis for equitably tolling the statute of limitations. Thus, petitioner's claims are time-barred, and this petition should be dismissed.

### B.    Certificate of Appealability

"A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. §2253(c). Because petitioner has not made such a showing, a certificate of appealability should be denied.

### CONCLUSION

It is respectfully recommended that the Petition for Writ of Habeas Corpus be dismissed and that a certificate of appealability be denied.

In accordance with the Magistrates Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Rule 72.1.4(B) of the Local Rules for Magistrates, the parties are allowed ten (10) days from the date of service to file objections to this report and recommendation. Any party opposing the objections shall have seven (7) days from the date of service of objections to respond thereto. Failure to file timely objections may constitute a waiver of any appellate rights.

/s/ Susan Paradise Baxter
SUSAN PARADISE BAXTER
CHIEF UNITED STATES MAGISTRATE JUDGE

Dated: March 7, 2006
cc:    The Honorable Sean J. McLaughlin
        United States District Judge