IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA


ANTHONY GILMORE,
       Petitioner


                                  Civil Action No. 04-358E

      v.


MARILYN S. BROOKS, SUPERINTENDENT    **OBJECTIONS TO**
OF STATE CORRECTIONAL INSTITUTE     **MAGISTRATE'S REPORT AND**
AT ALBION,                          **RECOMMENDATION**
       Respondent


And,                                District Judge McLaughlin

                                  Magistrate Judge Baxter

BRADLEY FAULK, DISTRICT ATTORNEY
FOR ERIE COUNTY, AND THOMAS
CORBETT, ATTORNEY GENERAL OF THE
COMMONWEALTH OF PENNSYLVANIA
       Additional Respondents


ANTHONY GILMORE
INMATE NO. EB-8234
SCI ALBION
10745 ROUTE 18
ALBION, PA 16475-0002
PRO SE

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

ANTHONY GILMORE,                    :
            Petitioner              :
                                    : Civil Action No. 04-358E
      v.                            :
                                    :
MARILYN S. BROOKS, SUPERINTENDENT   :
OF THE STATE CORRECTIONAL           :
INSTITUTE AT ALBION,                :
            Respondent              :
And                                 :
BRADLEY FAULK, DISTRICT ATTORNEY    :
FOR ERIE COUNTY, AND THOMAS         :
CORBETT, ATTORNEY GENERAL OF THE    :
THE COMMONWEALTH OF PENNSYLVANIA,   :
            Additional Respondents  :

## OBJECTIONS TO THE MAGISTRATE'S
## REPORT AND RECOMMENDATION

        AND NOW, comes the Petitioner, Anthony Gilmore, pro

se, and presents a Petition for a Writ of Habeas Corpus

Pursuant to 28 U.S.C. § 2254 in the above-captioned matter

and avers the following:

        1.  A pro se petition for a writ of habeas corpus was

filed in this case on December 6, 2004.  It was received by

the Clerk of Courts on December 16, 2004.  The petition is

adopted and incorporated herein.

        2.  Subsequently, the Office of the District Attorney

of Erie County (hereinafter the "Commonwealth") filed a

timely response for respondents after being granted

extension of time to do so.[1]

_____

        [1]  As this is a pro se effort and the Commonwealth

3.   On June 16, 2005 Petitioner filed pro se: 1) an application for leave to amend his petition for a writ of habeas corpus, 2) an amended petition for a writ of habeas corpus, and 3) a motion for enlargement of time to file a memorandum of law ("brief") in support of the amended habeas petition.

4.   By two (2) separate orders dated June 30, 2005, the Honorable Susan Paradise Baxter, Chief United States Magistrate Judge, granted the motions for leave to amend and extension of time to file a brief in support of the amended habeas petition.[2] [3]   To Petitioner's knowledge, having received no notice, Respondents filed no objections.

5.   On September 6, 2005 Petitioner filed pro se, his brief in support of his amended habeas petition.   The Commonwealth did not object.

6.   On March 7, 2006 Judge Baxter issued a 5 page report and recommendation ("R&R").

7.   These timely objections follow.

8.   The R&R reported that the petition for writ of

---

failed to serve notice as required by Rule 5, Federal Rules of Civil Procedures, the exact date the response was filed is unknown.  As a result, Petitioner was effectively denied opportunity to file, if necessary, a reply to that response.
[2]   A second pro se motion for enlargement of time was filed on July 18, 2005.  By order dated July 27, 2005, Judge Baxter granted the motion, giving Petitioner until October 2, 2005 within which to file his memorandum of law and or brief in support of his amended § 2254 petition.
[3]   The two original orders were filed with the Clerk of Courts on July 6, 2005.

- 2 -

habeas corpus was untimely, and recommended it be dismissed

and that no certificate of appealability be granted.

Significantly, the magistrate reported:

> ... nothing in the record indicates that
> Gilmore is entitled to take advantage of
> any of the exceptions to the one-year
> limitations period. Specifically, he
> has failed to show that any of his claims
> are based on a constitutional right newly
> recognized by the Supreme Court and made
> retroactively applicable to cases on
> collateral review; nor has he shown that
> his claims are based on a factual
> predicate that could not have been
> discovered through the exercise of due
> diligence. 28 U.S.C. § 2254(d)(1)(C-D).

R&R, at page 3.

9. Respectfully, Petitioner objects to this ruling

for the several reasons.

10. First and most importantly, the R&R as a whole

was inadequate because it failed to address the habeas

petition in the aggregate. 28 U.S.C. § 636(b)(1)(B) and (C)

provides, in relevant part, as follows:

> **(B)** a judge may also designate a magistrate
> judge to conduct hearings, including eviden-
> tiary hearings, and to submit to a judge of
> the court proposed findings of fact and
> recommendations for the disposition, by a
> judge of the court, of any motion excepted
> in subparagraph (A), of applications for
> posttrial relief made by individuals
> convicted of criminal offenses and of
> prisoner petitions challenging conditions
> of confinement.

> **(C)** the magistrate judge shall file his
> proposed findings and recommendations

- 3 -

> under subparagraph (B) with the court and
> a copy shall forthwith be mailed to all
> parties.

28 U.S.C. § 636(b)(1)(B) and (C).  Though § 636(b)(1)(B) and

(C) does not explicitly state the extent of the magistrate's

R&R, exactly how or what the R&R should encompass, or how it

should be encompassed, implicit in the terms of the statute

is the proposition that Congress when enacting the statute

intended for magistrate judges assigned to habeas cases to

file "proposed findings and recommendations under

subparagraph (B) with the court," addressing habeas

petitions in the aggregate.  Id., at subparagraph C.  Given

this plain language, it would seem the very raison d'etre of

assigning magistrate judges to habeas cases is to ascertain

facts, defenses, compliance of limitations periods and in

sum, habeas petitions complete status, and promptly report

to the district court proposed findings of fact and

recommendations as to how, in light of those proposed

findings, habeas petitions should be disposed.

11.  Though the statute is silent as to what a

magistrate's R&R is to actually, and in all situations

contain, it is well settled in federal jurisprudence that

in construing a statute the question is what did Congress

intend.  Petition of Ferro, 141 F.Supp. 404 (M.D.Pa. 1956).

Where, as here, the statutory language at issue is clear and

unambiguous, further inquiry is not required unless 𝄢

- 4 -

a literal of the language produces an absurd result.
Idahoan Fresh v. Advantage Produce, Inc., 157 F.3d 197 (3d
Cir. 1998).

12.  In this case, after having issued two (2)
separate orders dated June 30, 2005 - one of which granted
Petitioner's request to amend his habeas petition, and the
other which granted Petitioner additional time to file a
brief and or memorandum of law in support of the petition,
notwithstanding a third and later order which granted
Petitioner even more time to file a supporting brief, ante at
p. 2, n. 2, the magistrate's R&R failed to speak to the
claims raised in the amended petition and its timely filed
supporting brief.  Pursuant to 28 U.S.C. § 636(b)(1)(B) and
(C), and Rule 72.1.4(B) of the Local Rules for Magistrates,
this was error.

13.  Moreover, the claims proffered in Petitioner's
amended petition, as they asserted a claim of actual
innocence accompanied by a claim of a constitutional
violation, and was comprised of new evidence not presented
at trial, the claims were not subject to the one-year
limitations period under the Antiterrorism and Effective
Death Penalty Act of 1996, Pub. L. No. 104-132 Stat. 1214,
effective April 24, 1996 (AEDPA).  Additionally, assuming
arguendo the original habeas petition, R&R at 3, was filed
three years out of time, then Petitioner was effectively
mislead when his requests to amend it was granted, and his

- 5 -

two (2) request for additional time to file his brief in
support of it were likewise granted.  From those grants,
Petitioner could have only been left to believe merits
review of his amended claims notwithstanding his original
claims was forthcoming and there would therefore be no need
to seek review elsewhere:  namely, by way of a second
federal habeas petition or a tricky and slippery slope back
through the state courts.

14.  Secondly, with respect to the remaining issues
for which the magistrate did issue an R&R, again, the
magistrate erred as a matter of law.  The magistrate, at 3,
reported that Petitioner "has not shown that his claims are
based on a factual predicate that could not have been
discovered in the exercise of due diligence."  This is not
so and was error.

15.  The United States Supreme Court has said, and
Petitioner avers, that "When a petitioner defaults a claim
as a result of the denial of the right to effective
assistance of counsel, the State, which is responsible as a
constitutional matter, must bear the cost of any resulting
default and the harm to the state interest that federal
habeas review entails".  See e.g. Coleman v. Thompson, 501
U.S. 722, 750, 111 S.Ct. at 2546 (1981)(quoting Murray
v. Carrier, 477 U.S. 478, 485, 106 S.Ct. at 2639 (1986)).

16.  In Murray v. Carrier, 106 S.Ct., at 2067, the
Supreme Court said "The purpose of the Sixth Amendment

- 6 -

guarantee to counsel is to ensure that a defendant has the assistance necessary to justify reliance on the outcome of the proceedings." In an earlier case the Supreme Court said an attorney is ineffective when he performs "below an objective standard of resonableness;" if that deficiency creates a "reasonable probability" that, but for his errors, the outcome of the trial would have been different, a new trial is required. Strickland v. Washington, 466 U.S. 668, 687-88, 694 (1984).

17. In both state and federal courts, competence of counsel is presumed, and a further presumption is made that an attorney's actions were "motivated by sound tactical considerations." U.S. v. Span, 75 F.3d 1383 (9th Cir. 1996). There are, however, two important exceptions to the "tactical" justification rule. First, "a mistake made out of ignorance rather than from strategy cannot later be validated as being tactically defensible." Id. Second, if the purported "tactic" is objectively unreasonable -- that is, one which "no reasonably competent attorney would have adopted under the circumstances" -- ineffectiveness will be found. Id. Petitioner submits that when a procedural default forcefully triggers a procedural time bar precluding federal habeas review of a claim or claims, and applying the reasoning adopted by the Court in Coleman v. Thompson, supra, if cause for the time bar was the result of the ineffective assistance of counsel, "the State, which is

responsible for the denial as a constitutional matter must
bear the cost of any resulting time bar and the harm to the
state interest that federal habeas review entails."
Coleman, 501 U.S., at 754;  Murray v. Carrier, 106 S.Ct., at
2654 (ineffective assistance of counsel, then, is cause for
the default).

18.  Thus, where the Coleman Court's cause and
prejudice standard of analysis clearly comports with the
factual predicate analysis respecting an attorney's duty to
protect the rights of a criminal defendant and, the State's
responsibility as a constitutional matter to ensure that a
criminal defendant is represented by effective and competent
counsel at all critical stages (including his one and only
appeal as of right, Evitts v. Lucey, 469 U.S. 387, 105
S.Ct. 830, 83 L.Ed.2d 821 (1985)), the same standard of
analysis must, or at least should equally apply to the range
of situations where an inquiry is made as to the cause of a
time bar and whether the factual predicate of a claim or
claims could have been discovered in the exercise of due
diligence.  And if the answers are in the affirmative, then,
whether counsel's ineffectiveness would or should provide
ample justification for his failure to prevent the need to
later have to establish cause and to overcome procedural
time bars.  These questions become essential when considering
the fact that attorneys are seasoned professionals trained
to detect constitutional error and employ their skills to

remedy them.   A contrary conclusion would render in all habeas cases, and at all stages at which the right to counsel attaches, inoperable -- leaving criminal defendants at all stages of right with counsel in form, but inops consilii in substance, particularly where timely advancement and proper preservation of constitutional claims are concerned.

19.   Though Petitioner's habeas petition was submitted on pre-printed government forms provided by the court, and no brief was filed supporting it, Petitioner expressly called his appellate and trial counsel's representation into question, where trial counsel failed to conduct even the most rudimentary investigation, and thus failed to interview or call certain critical defense witnesses and failed properly investigate a critical Commonwealth witness, and appellate counsel did not argue  those respects, trial counsel's ineffectiveness on his one appeal as of right.

20.   Respectfully but frankly, and as will be further discussed below, the R&R merely gave lip service to AEDPA and its standards, standards which, in this case, are wholly inapplicable.

21.   Again, from the onset, this has been a pro se effort.  Pro se pleadings, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers and can only be dismissed for failure to state a claim if it appears beyond a reasonable doubt that

the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Haines v. Kerner, 404 U.S. 519, 520 (1972), quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957);  accord Rule 4, Rules Governing § 2254 Cases ("Rule 4").

22.  If a court can reasonably read pleadings to state a valid claim on which the litigant could prevail, it should do so despite failure to cite proper legal authority, confusion of legal theories, poor syntax and sentence construction, or litigant's unfamiliarity with pleading requirements.  Boag v. MacDougal, 454 U.S. 364 (1982); United States ex rel. Smith v. U.S. District Court, 956 F.2d 295 (D.C. Cir 1992);  Freeman v. Department of Corrections, 949 F.2d 360 (10th Cir. 1991);  see also Gibbs v. Roman, 116 F.3d 83 (3d Cir. 1997);  Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996).

23.  When considering the posture of Petitioner's habeas petition – how it was filed (on pre-printed government forms with no supporting brief), what it alleged: Trial counsel was ineffective in failing to acquisition a finger print expert to conduct test on finger prints left in the victim's home which would have identified the actual criminals and exonerated him, and in failing to interview, investigate and secure critical defense witnesses, including alibi witnesses – where there was no supporting brief filed, and no hearing was conducted so as to determine the

petition's timeliness, it becomes obvious that the
magistrate judge was in no position, and thus could not
properly ascertain whether or not ... the petition was
actually untimely filed or Petitioner's "has not shown that
his claims are based on a factual predicate that could not
have been discovered in the exercise of due diligence." R&R
at 3-5. Such position is in direct conflict with existing
federal law respecting claims of new evidence.

24. Section 2244(d)(1)(D) provides that "[t]he [one-
year] limitation period shall run from ... the date on which
the claim or claims presented could have been discovered
through the exercise of due diligence." 28 U.S.C. §
2244(d)(1)(D). The factual predicate in this case is the
sworn affidavits of missing critical defense witnesses and
Janet Lomax, for whom trial counsel neither interviewed,
investigated or called at trial. See appendix to
Petitioner's brief in support of his amended habeas
petition. In this regard, the Fifth Circuit Court of
Appeals suggested that § 2244(d)(1)(D) applies to those who
could not discover the factual predicate for their claims,
not those who "sleep on their rights". Fisher v. Johnson,
174 F.3d 710, 715 & n. 14 (5th Cir. 1999). Compare Schlup
v. Delo, 513 U.S. 298, 115 S.Ct. 851, 130 L.Ed.2d 808
(1995)(applying pre-AEDPA standard). In this case, Schlup
prevails over 28 U.S.C. § 2244(d). See e.g. Girardi
v. Lipsett, Inc., 275 F.2d 492, cert. denied 346 U.S. 821,

81 S.Ct. 56, 5 L.Ed.2d 50 (3d Cir. 1960)(holding statutes in derogation of common law will not be extended by construction, but such acts will be liberally construed if their nature is remedial);  Hernandez v. Kalinowski, 146 F.3d 196 (3d Cir. 1998)(Congress must clearly express intent to change a well-established common law construction); accord U.S. v. Bowman, 358 F.2d 421 (3d Cir. 1966).

25.  Accordingly, under Schlup, Petitioner is entitled to habeas review.  Though, technically, the new evidence Petitioner relies upon is not per se newly discovered, nothing in Schlup indicates that there is such a strict limitation on the sort of evidence that may be considered in Schlup's linch pin probability determination.  All Schlup requires is that the new evidence is reliable and that it **was not** presented at trial.  Schlup, 513 U.S. at 342;  see also Calderon v. Tompson, 523 U.S. 538, 559, 140 L.Ed.2d 728, 118 S.Ct. 1489 (1989).  While a petitioner claiming that his factual innocence alone entitles him to habeas corpus relief must present newly discovered evidence, see Herrera v. Collins, 506 U.S. 390, 122 L.Ed.2d 203, 113 S.Ct., Petitioner is using actual innocence solely as a basis or a "gateway" for having his otherwise barred constitutional claims heard.

26.  Petitioner, though inartfully so, made this as clear as he possibly could in both his original habeas petition and in his amended habeas petition and its brief in

support.  Our Third Circuit Court of Appeals has repeatedly explained that courts are to display a certain level of tolerance when reviewing habeas petitions prepared by prisoners.  United States ex rel. Montgomery v. Bierley, 141 F.2d 552, 555 (3d Cir. 1969);  Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996).  Concretely, the magistrate failed to do so.

27.  The R&R seems all but to completely sanction the deprivation of Petitioner's right to the assistance and effective assistance of counsel at the most critical stage of the proceedings, Strickland v. Washington, 466 U.S. 668 (1984), Evitts v. Lucey, 469 U.S. 387, 105 S.Ct. 830, 83 L.Ed.2d 821 (1985), accord Commonwealth v. Qauil, 729 A.2d 571 (Pa.Super. 1999)(quoting Pa.R.Crim.P. 904(D)), Commonwealth v. Bronstein, 561 Pa. 611, 752 A.2d 868 (Pa. 2000), and the right to present a defense, Washington v. Texas, 38 U.S. 14, 19, 87 S.Ct. 1920, 1923, 18 L.Ed.2d 1019, 1023 (1967).

28.  Notwithstanding, assuming arguendo § 2244(d) applied in this case, the R&R at 3-4, despite the claims asserted in the initial petition, confuses § 2244(d)-(1)(D) as not allowing for untimely habeas petitions to advance even where the claims are based on new evidence. Petitioner's missing witnesses claim was clearly identifiable and clearly implicated a claim of actual innocence accompanied by a claim of a constitutional violation.  See Schlup, supra (distinguishing between a

- 13 -

"gateway" claim and a "substantive" claim of innocence).
This was error.  The Court in United States v. McNair, 1999
WL 281308 (E.D.Pa. 1999) stated "applying corresponding
provisions applicable to § 2255 motions and noting "under
the explicit terms of the statute ... a claim accrues when
the defendant knows the facts underlying his claims, not the
legal basis for any claim which may arise from those facts."

29.  In this regard, § 2244(d)(1)(D) comports with the
federal common-law discovery rule under which a claim
accrues when the victim knows of his injury even though the
victim does not know that the injury is actionable.  United
States v. Kubrick, 444 U.S. 111, 119-23, 100 S.Ct. 352, 62
L.Ed.2d 259 (1979).  Where Petitioner received ineffective
assistance of counsel at every critical stage of the initial
proceedings in violation of his Sixth and Fourteenth
Amendment rights, and on his own (pro se), after all prior
counsel of right had injured him and disappeared without a
trace, he did not discover the injury until days before
bringing his claims in his federal habeas petition.  This is
not a lack of diligence.  Though § 2244(d)(1)(D) in that
respect would seemingly apply to the circumstances of this
case, as Congress did not state in expressed terms that
Schlup was superceded by it, it becomes inapplicable.
Hernandez, supra.

30.  As referenced by Exhibits "A" and "B" appended to
Petitioner's brief in support of his amended habeas

- 14 -

petition, in essence, the amendment was merely a supplement
to an already existing claim, which provided factual
clarification or amplification, and was permissible.   See
e.g U.S. v. Thomas, 221 F.3d 430 (3d Cir. 2003)(holding
purpose of rule governing amendments to pleading is to
provide maximum opportunity for each claim to be decided on
its merits rather than on procedural technicality);   see
also initial habeas petition filed December 6, 2004;   accord
brief in support of amended habeas petition.   Though
inartfully so, Petitioner was alleging from the beginning
that he was innocent;   that he had new evidence which if
proffered at trial, would have proved his innocence beyond a
reasonable doubt, and that he was denied the effective
assistance of counsel in violation of two inherent
provisions of the United States Constitution.   He was, in
effect, asserting a Schlup "gateway" claim.   Obviously,
Judge Baxter understood this when granting the request to
amend, because it was obvious from the face of the initial
habeas petition that it was untimely and had been filed
years out of time, and thus subject to Rule 4 dismissal,
unless, of course, its tardiness could be justified.

       31.   28 U.S.C. § 2244(d) requires the factual
predicate for the claim could not have been discovered
previously through the exercise of due diligence.   There is
no requirement under Schlup that the factual claim was not

- 15 -

discoverable through the exercise of due diligence.  Schlup requires only that "a petitioner show that in light of all the evidence, including new evidence, 'it is more likely than not that no reasonable juror would have found him guilty beyond a reasonable doubt'".  Id.  As did Petitioner's amended habeas petition, his original habeas petition, though inartfully so, implicated a claim of actual innocence accompanied by a claim of a constitutional violation.

32.  There is clearly a substantial showing of the denial of constitutional rights.  Therefore, if this Court is reluctant and/or unwilling to grant relief, a certificate of appealability should be granted.

**WHEREFORE**, Petitioner respectfully request that this Honorable Court remand the matter back to the magistrate judge with instructions to schedule an evidentiary hearing on the instant habeas petition's timeliness, appoint counsel for the proceedings, and thereafter issue a new report and recommendation addressing each of his habeas claims. In the alternative, he request that the writ of habeas corpus be conditionally granted, or that a certificate of appealability be issued.

Respectfully submitted,

ANTHONY GILMORE
INMATE NO. EB-8234
SCI ALBION
10745 ROUTE 18
ALBION, PA 16475-0002
PRO SE

- 17 -

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

```
ANTHONY GILMORE,                    :
         Petitioner                 :
                                    : Civil Action No. 04-358E
         v.                         :
                                    :
MARILYN S. BROOKS, SUPERINTENDENT   :
OF THE STATE CORRECTIONAL           :
INSTITUTE AT ALBION,                :
         Respondent                 :
And                                 :
BRADLEY FAULK, DISTRICT ATTORNEY    :
FOR ERIE COUNTY, AND THOMAS         :
CORBETT, ATTORNEY GENERAL OF THE    :
THE COMMONWEALTH OF PENNSYLVANIA,   :
         Additional Respondents     :
```

## VERIFICATION OF STATEMENT

I, Anthony Gilmore, hereby certify that the foregoing is true and correct to the best of my information, knowledge and belief, and that a knowing false statement to authorities constitutes a misdemeanor in the second degree.

_Anthony Gilmore_
Anthony Gilmore

DATED:  March 18, 2006

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

ANTHONY GILMORE,                           :
        Petitioner                  :
                                    : Civil Action No. 04-358E
     v.                              :
                                    :
MARILYN S. BROOKS, SUPERINTENDENT :
OF THE STATE CORRECTIONAL          :
INSTITUTE AT ALBION,               :
        Respondent                  :
And                                :
BRADLEY FAULK, DISTRICT ATTORNEY   :
FOR ERIE COUNTY, AND THOMAS        :
CORBETT, ATTORNEY GENERAL OF THE   :
THE COMMONWEALTH OF PENNSYLVANIA,  :
        Additional Respondents      :

## CERTIFICATE OF SERVICE

    I, Anthony Gilmore, hereby certify that on March 18,

2006 a true and correct copy of Petitioner's Objections to

the Magistrate's Report and Recommendation was served by

placing same in postage prepaid, first class, in the U.S.

mail addressed to:

              Raquel L. Cross, Esquire, ADA
           Office of the District Attorney
             Erie County Courthouse
              140 West 6th Street
              Erie, PA 16501

                   _Anthony Gilmore_
                   ANTHONY GILMORE
                   INMATE NO. EB-8234
                   SCI ALBION
                   10745 ROUTE 18
                   ALBION, PA 16475-0002

Mr. Anthony Gilmore
Inmate No. EB-8234
SCI Albion
10745 ROUTE 18
Albion, PA 16475-0002


March 18, 2006


Office of the Clerk
United States District Court -
Western District
P.O. Box 1820
Erie, PA 16507


RE:  Anthony Gilmore v. Brooks, et al.,
     Civil Action No. 04-358 Erie (W.D.Pa.)
     28 U.S.C. § 2254 Habeas Corpus Matter

Dear Clerk:

     Enclosed and for filing in the above-referenced case,

please find Petitioner Anthony Gilmore's Objections to the

Magistrate's Report and Recommendation.  Copies have been

served on Respondents and in the manner indicated by the

Certificate of Service.  Kindly file same.

                              Very truly yours,


                              Anthony Gilmore


AG/cxg
Enclosure

cc:  Raquel L. Cross, Esquire, ADA
bcc:  Susan Paradise Baxter, Chief U.S. Magistrate Judge
File