IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ANTHONY GILMORE, | : Civil Action No. |
| Petitioner | : |
| v. | : 04-358 Erie |
| MARILYN S. BROOKS, SUPERINTENDENT OF STATE CORRECTIONAL INSTITUTE AT ALBION, PENNSYLVANIA, | : : : |
| Respondent | : |
| And BRADLEY FAULK, DISTRICT ATTORNEY FOR ERIE COUNTY, PENNSYLVANIA, AND THOMAS CORBETT, ATTORNEY GENERAL OF PENNSYLVANIA , | : : : : |
| Additional Respondents | : |

**MOTION OF ANTHONY GILMORE
FOR RELIEF UNDER RULE 60(b) OF THE FED.R.CIV.P.**

NOW COMES Anthony Gilmore, pro se, and respectfully moves this Court pursuant to Rule 60(b) of the Federal Rules of Civil Procedure for relief on the basis that no other process exists from which the relief sought may be had. The reasons in support of this motion are more fully set forth in the Brief in Support which is attached hereto and incorporated herein.

Respectfully submitted, *Anthony Gilmore*


Anthony Gilmore
SCI Albion
Inmate No. EB-8234
10745 Route 18
Albion, PA 16475-0002

BRIEF IN SUPPORT OF
MOTION OF ANTHONY GILMORE
FOR RELIEF UNDER RULE 60(b) OF THE FED.R.CIV.P.

I.   STATEMENT OF FACTS

Petitioner Anthony Gilmore, an inmate currently incarcerated at the State Correctional Institute at Albion, Pennsylvania, filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. §2254 in this case in December, 2004. The petition was docketed at No. 04-358 Erie. Subsequently and with leave of the Court, Petitioner filed a pro se amended petition for writ of habeas corpus and Brief in Support. Respondents did not file written objections to Petitioner's request to file the amend petition. The amended petition advanced, inter alia, a claim of actual innocence.

On March 7, 2006, the Honorable Susan Paradise Baxter, United States Magistrate Judge, filed a 5 page Report and Recommendation ("R&R"). The R&R reported that the petition for writ of habeas corpus had been untimely filed, that none of the exceptions to the one-year limitations period existed, and recommended it be dismissed on that basis and that no certificate of appealability issue. Petitioner filed timely objections to the R&R, and on March 27, 2007, the Honorable Sean J. McLaughlin, United States District Judge, dismissed the petition and denied a certificate of appealability. Petitioner filed a timely Notice of Appeal

and request for in forma pauperis.

After hearing nothing from the Court in almost a year, Petitioner forwarded a letter to the Clerk which requested a status on the case. In response, the Clerk forwarded Petitioner a copy of the official docket entries. The docket entries does not reflect receipt by the Clerk and filing with the Court of the Notice of Appeal.

Petitioner did not file an application for a certificate of appealability, and as is customary with the Clerk of the Third Circuit Court of Appeals when a Notice of Appeal has been filed, but an application for certificate of appealibility has not, the Clerk for the Third Circuit did not forward Petitioner an election letter indicating that he may do so within twenty-one (21) days. This suggests that the Clerk either did not receive, file and process the Notice of Appeal, or that it received it, but inadvertently failed to docket, file and process it.

In any event, Petitioner was entitled to appeal from the final order of the Court which dismissed his petition for writ of habeas corpus. And though Petitioner filed a timely Notice of Appeal, the appeal itself was effectively thwarted as a result of no fault of Petitioner's. Petitioner is now before the Court seeking relief.

4

II. **LAW AND ARGUMENT**

   A. **RULE 60(b) OF THE RULES OF CIVIL PROCEDURE**

Rule 60(b) of the Rules of Civil Procedure provides in part as follows:

> **(b) Mistakes; Inadvertence; Excusable Neglect; Newly Discovered Evidence; Fraud, Etc.** On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b)
>
> **(6)** any other reason justifying relief from operation of judgment. The motion shall be made within a reasonable time, and for reasons (1), (2) and (3) not more than one year after the judgment, order, or proceeding was entered or taken. A motion under this subdivision does not affect finality of a judgment or suspend its operation.

   B. **PETITIONER ANTHONY GILMORE IS ENTITLED TO RELIEF, AS HE FILED A TIMELY NOTICE OF APPEAL, BUT THE APPEAL WAS THWARTED AS A RESULT OF NO FAULT OF HIS OWN.**

On or near March 27, 2006, Petitioner posited in the prison mailbox for transmittal to the Court, a timely Notice of Appeal and request for pauperis status on appeal. A copy of the Notice of Appeal is attached hereto as Appendix "A". A copy of certified prison account statement(s) referencing mailing fees assessed from Petitioner's account for the

mailing to the Court of the Notice of Appeal and Informa Pauperis request is attached hereto as Appendix "B". In the interest of brevity, Petitioner did not file along with the Notice of Appeal and in forma pauperis request, an application for a certificate of appealability.

After nearly a year had passed and Petitioner had not been notified by the Court of a disposition of the appeal, or otherwise directed by the Clerk for the Third Circuit Court of Appeals to file a required application for certificate of appealability, Petitioner contacted the Clerk of this Court, via letter. The Clerk's response consisted of no more than a copy of the official docket entries. The docket entries, however, did not reflect that the Notice of Appeal had been received, filed with the Court and processes, and the Third Circuit's records do not reflect that an appeal had ever been filed. A copy of a response letter from the Clerk for the Third Circuit is attached hereto as Appendix "C".

III. **CONCLUSION**

For the foregoing reasons, Petitioner Anthony Gilmore is entitled to relief as a matter of law and respectfully requests that this Court grant his motion.

Respectfully submitted, *Anthony Gilmore*

Anthony Gilmore
SCI Albion
Inmate No. EB-8234
10745 Route 18
Albion, PA 16475-0002

## VERIFIED STATEMENT

I, Anthony Gilmore, hereby certify that the foregoing information is true and correct to the best of my knowledge, information and belief.

*Anthony Gilmore*
Anthony Gilmore

IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ANTHONY GILMORE, | : Civil Action No. |
| Petitioner | : |
| v. | : |
| MARILYN S. BROOKS, SUPERINTENDENT OF STATE CORRECTIONAL INSTITUTE AT ALBION, PENNSYLVANIA, | : |
| Respondent | : |
| And BRADLEY FAULK, DISTRICT ATTORNEY FOR ERIE COUNTY, PENNSYLVANIA, AND THOMAS CORBETT, ATTORNEY GENERAL OF PENNSYLVANIA, | : |
| Additional Respondents | : |

**CERTIFICATE OF SERVICE**

I, Anthony Gilmore, have this ⎯7⎯ day of September, 2007, caused service of the foregoing motion upon the below person, by placing same, first class, postage prepaid, in the United States Mail:

CC Maquel L. Cross, ESQ. (1) Copy
Office of The District Attorney
Erie County Courthouse
140 West 6Th Street
Erie pa. 16501
(717) 780-6747

_Anthony Gilmore_
Anthony Gilmore
SCI Albion
Inmate No. EB-8234
10745 Route 18
Albion, PA 16475-0002

Mr. Anthony Gilmore
SCI Albion
Inmate No. EB-8234
10745 Route 18
Albion, PA 16475-0002

September 17, 2007

Office of the Clerk
United States Court of Appeals
21400 U.S. Courthouse
601 Market Street
Philadelphia, PA 19106-1790

Re:  Gilmore v. Brooks, et al.
     (W.D.Pa. Civ. No. 04-358 Erie)

Dear Clerk:

A timely Notice of Appeal was filed in the above-entitled matter. However, in the interest of brevity, no application for a certificate of appealablilty was filed along with it. To date, this office has not forwarded me, as customary, an election letter directing that I file within twenty one (21) days the application for certificate of appealability, and no notice of disposition of the appeal has otherwise been provided. Thus, at your convenience, please provide me a current status of the case.

Your attention and cooperation is appreciated.

Very truly yours, *Anthony Gilmore*

Anthony Gilmore

AG/cxg